UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY FREUND,

           Plaintiff,

  v.                                                  Case No. 04-C-611

THE PURDUE PHARMA CO., et al.,

           Defendants.

## ORDER DENYING STAY

      Before me presently is plaintiff Kay Freund's motion to stay proceedings. She seeks a stay in light of the pending petition to transfer this case (and others like it) filed with the Judicial Panel on Multi-District Litigation (the Panel). She argues that because many of the same issues will arise in all of the similarly-situated cases, efficiency and judicial resources would be spared if I stayed this case pending the outcome of the transfer petition. The defendants oppose the motion, citing the particular factual underpinnings of each case (which it believes are best litigated in the various local fora) as well as the fact that this case is somewhat far-along in its progress. The motion will be denied.

      I note at the outset that it is not at all clear that the petition to transfer this case will be granted by the Panel. This case was originally filed in October of 2003 as one of some twenty filed by plaintiff's counsel in the United States District Court for the Southern District of Illinois on behalf of individuals seeking damages arising out of their use of Oxycontin, a prescription pain medication. Finding that each case would turn largely on the testimony of local medical providers

and the facts unique to each plaintiff, that court transferred the cases to the home districts of each plaintiff. In light of this finding, it is far from certain that the Panel will conclude that the standard for consolidating such matters in one district are met. See 28 U.S.C. § 1407. Staying discovery at this point will needlessly delay the ultimate resolution of this case in the event the MDL petition is not granted. Given the time the case has already been pending and the status of it at this time, further delay is a significant concern.

Despite the plaintiff's stated concerns about saving the resources of the defendants (and those of the court), the defendants themselves adamantly oppose a stay and seem unconcerned about any additional expense arising from potentially duplicated efforts. Because we must always presume that all parties (including the court) want to conserve resources, when most of the parties involved do *not* believe that significant resources will be saved, one side's claims of efficiency may generally be cast into doubt. Indeed, though there will be matters raised here that are common to all, or most, proceedings involving the OxyContin drug at issue here, it is also true that the injuries allegedly sustained by the many plaintiffs in these lawsuits will be diverse and their own medical histories will be at the forefront.

Although the plaintiff has cited orders entered in other Oxycontin cases in which stays were granted under allegedly similar circumstances, most of those orders are brief providing no analysis nor any explanation of the footing of the cases at the time the stays were granted. Defendants have cited similar orders going the other way.

I conclude that the motion for a stay should be denied. This case is significantly along in discovery and the court and counsel have already expended significant effort in insuring that discovery will soon be completed. Given the uncertainty of whether and when the Panel will take

up and decide the petition, I conclude that staying further proceedings at this point would risk unnecessary delay to the prejudice of the defendant. Accordingly, the plaintiff's motion is therefore DENIED.

**SO ORDERED**.

Dated this ___11th___ day of August, 2005.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge